Frances.M. Wight, Administratrix, Appellant, v. Allison H. Worden, Appellee.

1. EVIDENCE—*burden of proof to establish declaration.* In an action by an administrator to recover possession of notes etc. as the property of the estate, the burden is upon him to establish the allegations of his declaration.

2. GIFTS—*when presumption of undue influence arises.* If a fiduciary relation existed between the donor and donee the presumption is that the gift was brought about by undue influence.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed May 26, 1911.

ANTOINETTE FUNK and BRACKEN, YOUNG & PEIRCE, for appellant.

STONE, OGLEVEE & FRANKLIN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellant as administratrix of the estate of Esther C. Wheelock, deceased, against appellee for the recovery of the possession and proceeds of certain notes alleged to have been withheld by appellee from said estate and which were the property of the estate.

Trial below resulted in the direction of a verdict by the court in favor of appellee and a judgment against appellant for costs.

Esther C. Wheelock, the deceased, was the surviving widow of Francis A. Wheelock. The deceased after the death of her husband made her home in various parts of the country, part of the time at McLean, Illinois, part of the time in Massachusetts, and part of the time in Texas. She had considerable property and kept a large portion of this loaned out upon real estate security.

She never had any children and left surviving her, her brothers and sisters and their representatives. Appellee is a nephew of the deceased, of whom she was very fond, by reason of his close attention and interest taken in her and her affairs. He was the only son of a deceased sister and was treated by the deceased, Mrs. Wheelock, in most respects as her own child. For a considerable time after the death of her husband, her business affairs were managed by Frank W. Aldrich.

Appellee lived in San Antonio, Texas. During the years 1906, '07, and '08, the deceased spent her winters at his home. For some reason she did not like the interference of some of her relatives manifested concerning the management and control of her property and she finally determined to take from Frank W. Aldrich the control and management of that portion held by him, and, by reason of the employment of appellee by H. P. Drought & Co., of San Antonio, transferred her business to that company.

The declaration avers that the notes in question were the property of the estate and that appellant, as administratrix, is entitled to the possession and proceeds of the same. The

burden of proof was upon appellant to prove the allegation of her declaration and maintain by the preponderance of the evidence her right to the possession of these notes or the proceeds thereof before she could recover a judgment against appellee.

Upon the last visit of deceased to the home of appellee at San Antonio she endorsed these notes in blank by writing her name thereon. At the time of the death of deceased, the notes were actually in the possession of H. P. Drought & Co., but were kept where appellee had access to the same at any time he saw fit. After the death of Mrs. Wheelock appellee wrote upon the notes, over her blank endorsement, the assignment to him and claims the right to hold them against her estate as a gift to him during her lifetime. It is conceded by appellee and the proof shows that up to the time of the endorsement of these notes by deceased they were the property of deceased over which she had absolute control, also that a confidential relationship existed between deceased and appellee.

These conditions being established by evidence and by admissions of appellee, the presumption of law is that the gift was brought about by undue influence, and the burden is upon appellee to overcome this presumption by evidence showing the gift originated with deceased and was her free and voluntary act. Gilmore v. Lee, 237 Ill. 402. Appellee assumed this burden and contends that the evidence produced by him fully established these facts, that by reason thereof the trial court did not err in directing a verdict, and insists that the judgment should be affirmed. The question raised by this record is the action of the trial court in directing a verdict. The rule is firmly established that whenever it is necessary to weigh the evidence and determine upon which side the preponderance is it is error for the trial court to direct a verdict. The proof on behalf of appellant with the admissions by appellee entitled appellant to a verdict upon the trial unless the conditions established were overcome by proof that the gift originated with the deceased and was her free and voluntary act. In order to determine this question

it became necessary for the trial court to determine from the evidence whether the condition shown to exist by the proof of appellant was overcome; this question could only have been determined by the trial court after considering the weight of the evidence and determining upon which side was the preponderance. In determining that question on this appeal, we cannot now go into the merits of this controversy and determine the rights of the parties, but this court is required to assume the position of the trial court, and for this reason we do not deem it advisable to discuss or comment upon the weight of the evidence or attempt to determine the question as to whether appellee's evidence was sufficient to entitle him to a verdict below. Whenever it is necessary for the trial court to weigh the evidence in determining an issue it is error to direct a verdict.

The trial court should have submitted the cause to the jury, and for its failure to do so, the judgment is reversed and the cause remanded.

*Reversed and remanded.*